ZACHEUS RICE & others *vs.* JONATHAN W. FREELAND.

Buildings owned in common, but standing on land to which the petitioners claim no title, are not the subject of partition under Rev. Sts. c. 103.

Where land and also buildings are owned in common, the buildings standing on land not owned in common, and the respondent, in a petition for partition of both land and buildings, files a claim for improvements under *St.* 1850, c. 278, he should be allowed for improvements only upon the land, and not for any additions to the buildings; and he is liable merely for the rents and profits of the petitioner's interest in the land, and not in the buildings.

THIS was a petition for partition, commenced in this court, and submitted upon a statement of facts, from which, and from admissions made at the argument, it appeared that Joseph Rice died intestate about the year 1814, leaving a widow, Amey Rice, and thirteen children, one of whom was Zacheus Rice, one of the petitioners. The other petitioners were children and heirs of Stephen Rice deceased, another son of said Joseph. The latter died seised of a farm in West Springfield, intersected by a highway. In 1815, under the direction of the probate court, certain lands on the east of said highway were assigned to the widow of said Joseph as her dower; also, certain rights in the buildings on the west side of said highway, described in the assignment as a right "in the south front room, bedroom, and chamber over the same, one third of the cellar under the same, with the privilege of passing in and out at the front door, and the kitchen door, a right in the north part of the barn, comprehending the stabling in the same, of using the barn floor, passing in and out at the barn door," &c. In March, 1815, said Amey Rice, the widow, conveyed all her interest in the premises to Jesse Hubbard, and about the same time, the other heirs of Joseph Rice, except the petitioners, undertook to convey the entire estate to said Hubbard, by warranty deed, and Hubbard conveyed to the respondent, July 6, 1833, about nine acres of the farm, including that portion set off to the widow as dower. The petitioners had conveyed to other parties all their rights in the estate of Joseph Rice, except their reversionary interest in the estate set off to the widow as dower, and this petition

was brought for a partition of said last mentioned estate, the petitioners claiming two thirteenths therein, and admitting the title of the respondent to the remaining eleven thirteenths. The widow, Amey Rice, died in 1848, and this petition was brought in March, 1851. The respondent denied the title of the petitioners, and also filed a claim under *St.* 1850, *c.* 278, for buildings and fences erected on the premises, and for improving, reclaiming, and enriching the land, alleging that he held the premises under a title he believed to be good. At the April term, 1852, a verdict was found for the petitioners, on the question of title, and that the respondent held under a title he believed to be good. A judgment for partition was entered, commissioners appointed to make the decision, and an assessor agreed upon, to estimate the value of the improvements. The return of the commissioners stated that they made partition only of the land on the east side of the highway, and not of any buildings on the west side, the petitioners claiming no interest in the land under said buildings. The material portion of the assessor's report was as follows.

" The evidence of the value of the lot on the east side of the highway, at the time of the assignment of dower in 1815, varied from $260 to $300; but as evidence was given that a part of the lot was swamp land, and that such land in its natural state has increased in value since 1815, the assessor estimated the value of the lot at $300, at the time of said assignment. The swamp land has since been reclaimed by draining, and the upland enriched by better cultivation by the respondent and those under whom he claims title. The witnesses were uniform in opinion that said lot, since the improvements so made, was so much increased in value as to be worth now $600; and the assessor estimates the value of the improvements at $300.

" The assessor was of opinion that the petitioners could make no claim to any reversionary interest to the buildings on the west side of the highway; but as evidence was offered, and the subject was open for inquiry, he proceeded to hear the evidence on that part of the case. The widow had rights assigned to her in portions of the house, then standing on the

west side, and an old barn on the east side, but none in the land on which the house stood; both buildings had gone far to decay at the time of the assignment, and were hardly fit for use; the barn fell down soon after the assignment, and the house, after some repairs to make it tenantable, was taken down in 1839. Neither of said buildings, with ordinary repairs, could have been fit for occupation in 1848, at the time of the death of the widow. But as evidence was given that the house might have been occupied longer, and the materials from both buildings, when taken down, were of some value, the assessor estimates the dowable interest in both buildings at $100. Since the old house and barn were removed, the respondent has erected a new house and barn on the west side, in place of the old. The new house was proved to be worth $1,000, and the barn $200, and the assessor estimates the improvements made by the respondent in the erection of those buildings to be of the value of $1,100.

" The assessor estimates the rents and profits of the real estate for which the respondent may be accountable to the petitioners, at the rate of eighteen dollars per annum, since the 1st of October, 1848, the time of the decease of the widow. Value of improvements on east lot, 8 ¾ acres, $300. Value of improvements in buildings, $1,100. Rents due from respondent, eighteen dollars per annum."

The parties submitted the case upon an agreement that the report of the commissioners, and of the assessor, might be recommitted, or such other judgment entered as the court might direct.

The case was argued and decided at the September term, 1852.

*N. T. Leonard,* for the petitioners. 1. The interest in the buildings and cellar was real estate. *Cheshire* v. *Shutesbury,* 7 Met. 569.

2. The report of the commissioners who have made partition should be recommitted, with instructions to assign such a share of the lands to the petitioners as they would be entitled to, by considering the original share of the buildings as belonging to the estate.

Rice & others *v.* Freeland.

3. An addition should be made of $6 per annum to the rents and profits, being the interest of $100, the value of that portion of the buildings owned by the parties in common, which were torn down by the respondent.

*H. Morris,* for the respondent. The rights in the house and barn, set off to the widow of Joseph Rice as her dower, were merely easements upon the estate, and in which the petitioners had no reversionary interest. If the petitioners had any such reversionary interest, it was not subject to partition when this petition was filed, if ever so.

By THE COURT. The commissioners were right in making partition of the land only. And the assessor in limiting the claim for improvements, and the estimate of rents and profits, to the land.

The court ordered the following entry to be made : " Petitioners entitled to partition only in the tract of land on the east side of the highway, and not in any portion of the land covered by the house and barn. Partition to be made only upon payment of the proper sum for improvements as found by the assessor."